IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOSHUA JAMES ROBERTSON,**

        **Plaintiff,**

    **v.**                              CASE NO.17-3097-SAC-DJW

**JANELL JESSUP,**

        **Defendant.**


## NOTICE AND ORDER TO SHOW CAUSE

    Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Robertson claims that Defendant, who is Clerk of the District Court of Butler County, Kansas, failed to send him notice of an order of the court in a state lawsuit, which caused Plaintiff to miss the deadline to appeal. For the reasons discussed below, Plaintiff's complaint is subject to dismissal without prejudice.

**Statutory Screening of Prisoner and In Forma Pauperis Complaints**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

1

dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011). While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Complaint**

Plaintiff filed a lawsuit in the Butler County District Court on July 31, 2015, against a nurse at the El Dorado Correctional Facility. The defendant's attorney filed an entry of appearance after the deadline to answer, then filed a motion for extension of time to answer on October 6, 2015. Defendant Jessup signed a fourteen day extension order on October 6, even though the deadline to answer had already passed. Plaintiff attempted to file a motion for default judgment on September 24, 2015, but Defendant Jessup "refused to allow" Plaintiff to file his motion, relying on a new Kansas law requiring the payment of $195 or a new verified poverty affidavit to be submitted with each dispositive motion.

On May 13, 2016, the judge signed a journal entry granting the defendant's motion to dismiss. Plaintiff claims Defendant Jessup failed to mail him a copy of the journal entry in violation of state law. This failure caused Plaintiff to lose the right to appeal the dismissal.

Mr. Robertson seeks a "declaration that the acts and omissions described herein violated Plaintiff's rights under the United States Constitution," as well as preliminary and permanent injunctions. In addition, Plaintiff requests compensatory damages in the amount of $50,000 and punitive damages in the amount of $500,000.

**Analysis**

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) because Plaintiff seeks monetary damages from a defendant who is immune from such relief and because he fails to state a claim on which relief may be granted.

Plaintiff names Janell Jessup, Clerk of the Butler County District Court, in her official and individual capacity, as the defendant in this case. The Eleventh Amendment bars suit against a state official in her official capacity because the real party in interest is the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). Defendant is a state official. As such, she is not a person who can be sued under § 1983 in her official capacity.

Moreover, Defendant is entitled to absolute immunity from claims for damages in her individual capacity as well. Court clerks and their agents are generally entitled to absolute quasi-judicial immunity. *Coleman v. Farnsworth*, 90 F. App'x 313, 316-17 (10th Cir. 2004). The Tenth Circuit described the immunity afforded a court clerk in *Coleman*:

> It is well established in this circuit that a judge is absolutely immune from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, and the same immunity continues even if "flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000)(quotation marks and citation omitted). Moreover, judges are "absolutely immune regardless of their motive or good faith," *Smith v. Losee,* 485 F.2d 334, 342 (10th Cir. 1973)(citing *Doe v. McMillan,* 412 U.S. 306, 319, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973)), "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray,* 386 U.S. 547, 553, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). We have extended the same immunity to judicial officers where performance of a judicial act is involved or their duties have an integral relationship with the judicial process. *See Whitesel,* 222 F.3d at 867; *Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied,* 538 U.S. 983, 123 S.Ct. 1797, 155 L.Ed.2d 675 (2003). Applying this standard, we have held a court clerk enjoys absolute quasi-judicial immunity when he or she performs a "judicial act," such as entry of a default judgment. *See Lundahl,* 296 F.3d at 939. While we have held court clerks are generally entitled to such immunity, we also have held it is necessary "to weigh the nature of the activity involved and the need for unfettered exercise of discretion against the individual interest in protection under § 1983." *Henriksen v. Bentley,* 644 F.2d 852, 855–56 (10th Cir. 1981).

*Coleman*, 90 F. App'x 313, 316–17 (10th Cir. 2004).

Plaintiff complains primarily about Defendant Jessup's failure to mail him notice of the district court's order dismissing his case. He also mentions her refusal to file his motion for default judgment because he had not met the statutory requirements to file. Both of these alleged acts, or failures to act, were "within the core duties" of a court clerk "in assisting the court – that is, in performing a 'function [ ]

5

closely associated with the judicial process.'" *See Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 630 (10th Cir. 2014)(*citing Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). In such a case, the defense of judicial immunity generally applies, regardless of procedural error, motive, or good faith. *Id.*

Plaintiff claims that Defendant acted in violation of state rules and laws but does not show she acted outside her jurisdiction. "[A]n act is not outside of a [clerk's] jurisdiction just because it is wrongful, even unlawful." *Id.* at 630-31. The Tenth Circuit explained this principle as follows:

> As the Supreme Court said in *Stump,* "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." 435 U.S. at 356–57, 98 S.Ct. 1099 (internal quotation marks omitted). Immunity does not protect only the innocent. Why grant immunity to those who have no need of it? *See Snell v. Tunnell,* 920 F.2d 673, 687 (10th Cir. 1990) ("Absolute immunity has its costs because those with valid claims against dishonest or malicious government officials are denied relief."). Immunity is conferred so that judicial officers can exercise their judgment (which on occasion may not be very good) without fear of being sued in tort.

*Id.* at 631.

Defendant Jessup is immune from recovery of damages under § 1983. *Accord Beauclair v. Green*, 2015 WL 225758 (D. Kan. Jan.

6

16, 2015). Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii) because he seeks monetary damages from a defendant who is immune from such relief.

However, even if Defendant Jessup were not entitled to immunity, the facts alleged by Plaintiff do not make out a constitutional violation as required for a § 1983 action. The Tenth Circuit has stated that "[l]iability under § 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant, and not on negligence." *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1256 (10th Cir. 2007), *quoting Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)(emphasis in original). Mr. Robertson has not alleged any facts showing Defendant Jessup intentionally did not send him notice of the court's order of dismissal. At the most, his allegations show an inadvertent error or negligence.

While the United States Supreme Court has found that § 1983 itself contains no state-of-mind requirement, a plaintiff must still prove a violation of the underlying constitutional right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Depending on the right, merely negligent conduct may not be enough to state a claim. *Id.* Plaintiff alleges Defendant Jessup violated two of his constitutional rights: (1) his right of access to the courts under the First Amendment; and (2) his right to equal protection

7

under the Fourteenth Amendment. "It is well-established that mere negligence cannot support § 1983 claims that are premised on the denial . . . of access to the courts." *Mills v. Connors*, 319 F. App'x 747, 749 (10th Cir. 2009), *citing Simkins v. Bruce,* 406 F.3d 1239, 1242 (10th Cir. 2005) (holding that "when access to courts is impeded by mere negligence, . . . no constitutional violation occurs"). Similarly, to state a claim for an equal protection violation, a plaintiff must show the defendant acted with an invidious discriminatory intent or purpose. *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1977). A showing of "invidious discriminatory purpose" is not consistent with negligence. Further, if Plaintiff's complaint is liberally construed to be alleging a due process violation, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels*, 474 U.S. at 328 (emphasis in original).

Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) because the complaint fails to state a claim upon which relief may be granted.

**Summary**

For the reasons discussed above, this 42 U.S.C. § 1983 action is subject to summary dismissal under 28 U.S.C. §

8

1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the Court will direct Plaintiff to show cause why this matter should not be dismissed.  The failure to file a specific, written response waives de novo review by the District Judge, see *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of factual and legal allegations.  *Makin v. Colo. Dept. of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that within twenty (20) days of receipt of this order, Plaintiff shall show cause to the Honorable Sam A. Crow why Plaintiff's complaint should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 7th day of July, 2017, at Kansas City, Kansas.


s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**