IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA JAMES ROBERTSON,**

                **Plaintiff,**

    v.                                       **CASE NO.17-3097-SAC-DJW**

**JANELL JESSUP,**

                **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order of July 7, 2017, U.S. Magistrate Judge David J. Waxse directed Plaintiff to show cause to the undersigned why this matter should not be dismissed for failure to state a claim upon which relief may be granted.

The order identified two grounds for dismissal: first, the Court found that the defendant, Janell Jessup, is entitled to absolute quasi-judicial immunity; and second, the Court found that Plaintiff had not alleged a deliberate or intentional act on Defendant's part as required to state a claim for a violation of his constitutional rights.

Plaintiff filed a timely response (Doc. #8). In that pleading, Plaintiff objects to the finding that Defendant has absolute quasi-judicial immunity in this situation. He argues that Defendant had a duty to mail him notice of the entry of judgment, and this duty did not involve the exercise of judgment. Therefore, he argues, she is not entitled to quasi-judicial immunity.

While the mailing of notice may not involve the exercise of judgment, it is integrally related to the judicial process. The Tenth Circuit has favorably cited cases finding immunity in more egregious circumstances than those alleged here, on the basis that the clerk's actions were integrally related to the judicial process. *See Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (finding court clerk who refused to comply with a court order to issue a summons was protected by quasi-judicial immunity), *citing Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (concluding clerk's duties in filing documents was an integral part of the judicial process, so the clerk's delayed filing of the complaint and lying about its whereabouts were protected by judicial immunity); *Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987) (determining bankruptcy clerks enjoyed absolute quasi-judicial immunity for failing to provide notice, accepting incomplete petition, and refusing to accept an amended complaint, as their actions related to an

integral part of the judicial process); *see also Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007). Nothing that Plaintiff argues causes the undersigned to disagree with Judge Waxse's conclusion that Defendant is immune from liability for damages under § 1983.

Plaintiff spends much time arguing that his appeal in the underlying state court lawsuit would not be frivolous. This inquiry is only relevant to the determination of actual injury or prejudice as required to make out a First Amendment access to the courts claim. Plaintiff cites a Fifth Circuit case holding that where prison officials' failure to deliver a notice of dismissal caused an inmate to miss the deadline to appeal, the inmate suffers prejudice only where the underlying claims were not frivolous. *See Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998).

However, this issue is not reached here because the Court finds that Plaintiff has failed to state a claim on the ground that he did not allege a deliberate deprivation of his rights on Defendant's part. As explained in the order to show cause, merely negligent conduct cannot support a First Amendment denial of access to the courts claim or a claim for violation of due process or equal protection rights under the Fourteenth Amendment. See *Mills v. Connors*, 319 F. App'x 747, 749 (10th Cir. 2009), *citing Simkins v. Bruce,* 406 F.3d 1239, 1242 (10th

3

Cir. 2005); *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1977); *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff's only argument to counter this finding is that the Court was "speculating" (Doc. #8, p. 3) when it stated that "[a]t the most, his allegations show an inadvertent error or negligence." This was not speculation but was based on the allegations included in Plaintiff's complaint. On the other hand, a finding that Defendant deliberately failed to provide Plaintiff notice of the dismissal would require pure speculation; Plaintiff has not made that allegation let alone provided any credible basis for reaching that conclusion.

For the reasons set forth, the Court concludes this matter must be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) because Plaintiff seeks monetary damages from a defendant who is immune from such relief and because he fails to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2017, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**